## LAKE ONTARIO FISH CO. v. UNITED STATES.

(Circuit Court, N. D. New York. February 14, 1900.)

**1. CUSTOMS DUTIES—FISH.**

Fish caught in a bay on Lake Ontario, in Canadian waters, by citizens of Canada, notwithstanding such citizens were employed by a corporation of New York, are not within Act Cong. July 24, 1897, par. 555, placing on the free list fish caught in the Great Lakes by citizens of the United States.

**2. SAME—RATE.**

Act Cong. July 24, 1897, par. 259, providing that the duty on fresh-water fish, not specially provided for in the act, shall be a quarter of a cent a pound, does not apply to skinned fish, which are provided for in paragraph 261, relating to "fish, skinned or boned."

**3. SAME—FREE LIST.**

Act Cong. July 24, 1897, par. 626, relating to oils, and putting on the free list, after enumerating a large number of oils, "spermaceti, whale and other fish oils of American fisheries, and all fish and other products of such fisheries," will not be construed to admit free of duty "all fish and other products of American fisheries," since paragraphs 258-261 provide specifically for the duty on such fish.

This is an appeal by the Lake Ontario Fish Company from a decision of the board of general appraisers, which sustained the action of the collector of the port of Cape Vincent, N. Y., in assessing duty upon fish imported by the said company.

Watson M. Rogers, for importer.

Charles H. Brown, U. S. Atty.

COXE, District Judge. In December, 1897, the Lake Ontario Fish Company. a corporation, organized under the laws of the state of New York, imported into this country a quantity of skinned fish at the port of Cape Vincent within this district. The collector assessed duty at the rate of 1¼ cents per pound, under the provisions of paragraph 261 of the act of July 24. 1897, which reads as follows: "Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice, or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut or salmon, fresh, pickled or salted, one cent per pound." The importer protested, insisting that said merchandise should be admitted free of duty under paragraph 555 of the free list, which is as follows: "Fish, fresh, frozen, or packed in ice, caught in the Great Lakes or other fresh waters by citizens of the United States." The protest further insisted that, if dutiable at all, the merchandise should be assessed at the rate of one-fourth of one cent per pound under the provisions of paragraph 259 of the act, which provides: "Fresh-water fish not specially provided for in this act, one-fourth of one cent per pound." Counsel for the importer, in the brief submitted, also refers to paragraph 626 of the free list, relating to "oils." After enumerating a large number of oils it contains these words, "and also spermaceti, whale, and other fish oils of American fisheries, and all fish and other products, of such fisheries; petroleum, crude or refined," etc.

It was conceded upon the argument that the importer is a New

York corporation with a capital of $100,000, the shareholders being citizens of the United States; that it is engaged in the business of catching fish; that it owns ice houses and docks in Canadian waters; and that it supplies the fishermen employed by it with devices, nets and other equipments, and pays them a percentage upon the fish taken by them. The fish in question were caught in the Bay of Quinte, an arm of Lake Ontario, in Canadian waters, by citizens of Canada.

It is argued that the importer, being a New York corporation, is a citizen of the United States; that a corporation can only act through agents, and the fish in question, being caught by its employés, were constructively caught by it. Light is thrown upon the proper construction of paragraph 555 by comparison with a similar paragraph (571) of the tariff act of 1890, which provided for the free entry of "fish, the product of American fisheries, and fresh or frozen fish (except salmon) caught in fresh waters by American vessels, or with nets or other devices owned by citizens of the United States." The nets and devices being owned by the importer, it is probable that fish taken in such nets would be entitled to free entry if the paragraph of the previous act were in force. The change from the language there used to the language of paragraph 555 is significant. Fish entitled to free entry must now be caught by citizens of the United States. Fish caught by aliens are not caught by citizens of the United States because citizens employ such aliens. The citizen must be present and actually engaged in catching the fish.

Paragraph 259 provides for a duty upon fresh-water fish not specially provided for in the act, but as the fish imported were skinned fish they certainly were provided for under the specific language "fish, skinned or boned," found in paragraph 261.

Regarding the contention that the merchandise might have been admitted free under the general paragraph of the free list relating to "oils," it is enough to say, first, that the protest makes no mention of this paragraph, and, second, that the paragraph cannot be construed, in view of the specific provisions found in paragraphs 258 to 261 inclusive, to admit free of duty "all fish and other products of American fisheries." The doctrine of ejusdem generis disposes of this contention. Without attempting to construe the language last quoted, it is manifest that it was not the intention of the lawmakers thereby to nullify the preceding provisions of the act. The decision of the board is affirmed.